IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYLAN LABORATORIES INC.<br>1500 Corporate Drive<br>Canonsburg, PA 15317, and<br><br>MYLAN PHARMACEUTICALS INC.<br>781 Chestnut Ridge Road<br>Morgantown, WV 26505<br><br>        Plaintiffs,<br><br>        v.<br><br>MICHAEL O. LEAVITT,<br>in his official capacity as<br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br>    200 Independence Avenue, S.W.<br>    Washington, DC 20204, and<br><br>ANDREW C. VON ESCHENBACH, M.D.,<br>in his official capacity as<br>COMMISSIONER OF FOOD AND DRUGS,<br>    200 C Street, S.W.<br>    Washington, DC 20204, and<br><br>UNITED STATES FOOD AND DRUG<br>ADMINISTRATION<br>    5600 Fishers Lane<br>    Rockville, MD 20857<br><br>        Defendants. | Civil Action No. |

## COMPLAINT

Plaintiffs Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc. (collectively "Mylan"), by and through counsel, respectfully submit this Complaint against Michael O. Leavitt, in his official capacity as Secretary of Health and Human Services, Andrew C. von

Eschenbach, in his official capacity as Commissioner of Food and Drugs, and the United States Food and Drug Administration ("FDA").  In support thereof, Plaintiffs allege as follows:

## THE PARTIES

1. Plaintiff, Mylan Laboratories Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and has a principal place of business at 1500 Corporate Drive, Canonsburg, Pennsylvania 15317.  Mylan Laboratories Inc is the parent company of Mylan Pharmaceuticals Inc.

2. Plaintiff, Mylan Pharmaceuticals Inc., is a corporation organized and existing under the laws of the State of West Virginia and has its principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505-4310.  Mylan Pharmaceuticals Inc is engaged in the research, development, manufacture and distribution of generic pharmaceutical products.

3. Defendant, Michael O. Leavitt, is Secretary of Health and Human Services ("HHS"), having offices at 200 Independence Avenue, S.W., Washington, DC 20204.  Defendant Leavitt is responsible for supervising the activities of HHS and is being sued in his official capacity.

4. Defendant, Andrew C. von Eschenbach, is Commissioner of the FDA, having offices at 200 C Street, S.W., Washington, DC 20204 and 5600 Fishers Lane, Rockville, MD 20857.  Upon information and belief, Defendant Eschenbach, is responsible for supervising FDA's activities, and is being sued in his official capacity.

5. Defendant FDA is an agency within the Public Health Service, which is part of HHS.  The FDA has offices at 5600 Fishers Lane, Rockville, MD 20857.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 701 *et seq.*; and 28 U.S.C. § 1331 (federal question). The relief requested is also authorized pursuant to 28 U.S.C. § 2201 (declaratory relief); and 28 U.S.C. §2202 (further relief).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## STATEMENT OF FACTS

8.      Amlodipine besylate is a drug approved by the FDA for treating hypertension and chronic stable and vasospastic angina. The large pharmaceutical company, Pfizer, held two patents that it contended covered different aspects of amlodipine besylate, U.S. Patent No. 4,572,909 ("the '909 patent") and U.S. Patent No. 4,879,303 ("the '303 patent") The '909 patent expired on July 31, 2002; the '303 patent expired on March 25, 2007.

9.      Since 1992, Pfizer has commercially marketed amlodipine besylate under the brand name Norvasc®.

10.     In May of 2002, Mylan filed with the FDA an Abbreviated New Drug Application (ANDA) on generic 2.5 mg, 5 mg and 10 mg amlodipine besylate tablets. Mylan's ANDA was and is governed by the provisions of the Hatch-Waxman Act.[1]

11.     By letter dated July 23, 2002, Mylan certified pursuant to §505 (j)(2)(A)(vii)(IV) of the Hatch-Waxman Act that the manufacture, use and sale of Mylan's 2.5 mg, 5 mg and 10 mg amlodipine besylate tablets would not violate the '909 patent and the '303 patent because

---

[1] *Drug Price Competition and Patent Term Restoration Act of 1984*, P.L. 98-417, 98 Stat. 1585 (Sept. 24, 1984), amending the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 501 *et seq.*

they were invalid, unenforceable, or not infringed. Mylan was the first to file a Paragraph IV certification with respect to amlodipine besylate.

12. On September 20, 2002, Pfizer sued Mylan for patent infringement in the United States District Court for the Western District of Pennsylvania (the "Pennsylvania action").

13. By letter dated October 3, 2005, the FDA notified Mylan that its amlodipine besylate ANDA was approved. *See Declaration of Shannon M. Bloodworth in Support of Mylan's Emergency Application for a Temporary Restraining Order* (*hereinafter* "Bloodworth Decl.") ¶ 2.

14. In that same letter, the FDA provided the following notice:

With respect to 180-day generic drug exclusivity, we note that Mylan was the first ANDA applicant to submit a substantially complete ANDA with a paragraph IV certification for Amlodipine Besylate Tablets . . . Therefore, with this approval, Mylan is eligible for 180-days of market exclusivity. This exclusivity, which is provided for under section 505(j)(5)(B)(iv) of the Act will begin to run from the earlier of the commercial marketing or court decision dates identified in section 505(j)(5)(B)(iv) of the Act

*Id.*, at ¶ 2.

15. The FDA approved Mylan's amlodipine ANDA despite the fact that in November, 2001 the FDA granted Pfizer so-called pediatric exclusivity pursuant to 21 U.S.C. § 355a.

16. In approximately May 2003, generic pharmaceutical company, Apotex Inc. ("Apotex"), filed an ANDA with the FDA seeking approval to sell amlodipine besylate tablets prior to the expiration of Pfizer's '303 patent and certifying pursuant to § 505(j)(2)(A)(vii)(IV) of the Hatch-Waxman Act that the manufacture, use and sale of Apotex's amlodipine besylate tablets would not violate the '303 patent.

17. On July 30, 2003, Pfizer sued Apotex for patent infringement in the United States District Court for the Northern District of Illinois (the "Illinois action"). The FDA has not to date approved Apotex's amlodipine besylate ANDA.

18. Following a bench trial in the Illinois action, on January 29, 2006, the district court entered judgment dismissing Apotex's invalidity and unenforceability defenses and declaring that Apotex's amlodipine besylate tablets infringed the '303 patent. In addition, the district court ordered that the effective date of Apotex's ANDA be no earlier than September 25, 2007 (patent expiration plus six months pediatric exclusivity) and enjoined Apotex from engaging in commercial activities with respect to amlodipine besylate. Apotex appealed the district court judgment to the Federal Circuit.

19. On February 27, 2007, following a bench trial in the Pennsylvania action, the district court entered judgment dismissing Mylan's invalidity and unenforceability defenses and declaring that Mylan's amlodipine besylate tablets infringed the '303 patent. *See Bloodworth Decl.*, at ¶ 3. In addition, the district court ordered that the effective date of Mylan's ANDA be no earlier than March 25, 2007 and enjoined Mylan from engaging in commercial activities with respect to amlodipine besylate until patent expiration on March 25, 2007. *See id.*, at ¶ 4. Mylan appealed the district court judgment to the Federal Circuit.

20. On March 22, 2007, the Federal Circuit issued its decision in the Illinois action, holding the '303 patent invalid for obviousness under 35 U.S.C. § 103. *See Pfizer, Inc. v. Apotex, Inc.,* 2007 U.S. App. LEXIS 6623, 2006-1261 (Fed. Cir. 2007).

21. On March 23, 2007, the Federal Circuit issued a stay of the district court's order in the Pennsylvania action. *See Bloodworth Decl.,* at ¶ 5. Later that same day Mylan began commercial marketing of amlodipine besylate tablets, thereby triggering the 180 days of

exclusivity pursuant to § 505(j)(5)(B)(iv) of the Hatch-Waxman Act and the FDA's approval letter. *See id.*, at ¶ 6.

22. In addition to Mylan and Apotex, there are at least six other generic pharmaceutical companies who have filed ANDAs on amlodipine besylate. All filed after Mylan. None have received final FDA approval.

23. Mylan has learned that the FDA may issue final approvals to Apotex and the other generic ANDA filers before the expiration of Mylan's 180-day exclusivity. *See Declaration of Brian S. Roman in Support of Mylan's Emergency Application for a Temporary Restraining Order*, (hereinafter "Roman Decl.") ¶ 5. Such action would be in direct contravention of § 505(j)(5)(B)(iv) of the Hatch-Waxman Act and therefore *ultra vires* and beyond the FDA's statutory authority.

24. Mylan will be irreparably harmed if the FDA grants additional approvals during its 180-day period of exclusivity. *See* Roman Decl., ¶ 6. Generic exclusivity is a valuable right that the Hatch-Waxman Act provides as an incentive for generic manufacturers to challenge invalid patents, such as Pfizer's '303 patent. *See id.* If the FDA permits other generics into the market during Mylan's 180-day exclusivity period, Mylan will incur substantial losses, losses which it will never be able to recoup, even if the FDA's actions are later overturned. *See id.*

## **PRAYER FOR RELIEF**

Wherefore, Mylan respectfully prays that this honorable Court:

To issue a temporary restraining order and/or a preliminary injunction to enjoin the FDA defendants from taking any action to issue an approval of any Abbreviated New Drug Application for amlodipine besylate products pending the determination of the scope and duration of Mylan's 180-day generic exclusivity.

Dated: March 26, 2007

Respectfully submitted,

_____
David J. Harth (#474632)
HELLER EHRMAN LLP
One East Main Street, Suite 201
Madison, Wisconsin 53703
(608) 663-7460

Shannon M. Bloodworth (#474925)
Joseph P. Whitlock (#484247)
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, D.C. 20036
(202) 912-2000

E. Anthony Figg (#345124)
Steven Lieberman (#439783)
Minaksi Bhatt (#434448)
ROTHWELL, FIGG, ERNST & MANBECK PC
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

Stuart A. Williams
Jill Ondos
MYLAN LABORATORIES INC.
1500 Corporate Drive
Suite 400
Canonsburg, Pennsylvania 15317
(724) 514-1840

Attorneys for Plaintiffs
MYLAN LABORATORIES INC. and
MYLAN PHARMACEUTICALS INC.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Michael O. Leavitt, Andrew C. von Eschenbach, M.D., and United States Food and Drug Administration

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See attached

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
- ☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☒ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☒ E. *General Civil (Other)*   OR   ☐ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiffs bring this action for injunctive and temporary relief pursuant to 28 U.S.C. §§ 2201, 2202; 5 U.S.C. § 701, *et seq.*; and 21 U.S.C. § 355(j), *et seq.*

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   ☐ NO   If yes, please complete related case form.

DATE 3-26-07   SIGNATURE OF ATTORNEY OF RECORD   [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

CLERK'S OFFICE                                                         CO-932
UNITED STATES DISTRICT COURT                                           Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I.   RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

     A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

     [ ]   (a)   relates to common property
     [X]   (b)   involves common issues of fact
     [ ]   (c)   grows out of the same event or transaction
     [ ]   (d)   involves the validity or infringement of the same patent
     [ ]   (e)   is filed by the same pro se litigant

2.   RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

     A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

     Check box if new case is related to a dismissed case: [ ]

3.   NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):
     _____

4.   CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

     Mylan Laboratories Inc., et al. _____ v. _____ Leavitt, et al. _____ C.A. No. __1:07-571__

     __March 26, 2007__                    _____
     DATE                                  Signature of Plaintiff/Defendant (or counsel)

## Addendum

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David Harth (#474632)
HELLER EHRMAN LLP
One East Main Street, Suite 201
Madison, Wisconsin 53703
(608) 663-7460

Shannon M. Bloodworth (#474925)
Joseph P. Whitlock (#484247)
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, D.C. 20036
(202) 912-2000

E. Anthony Figg (#345124)
Steven Lieberman (#439783)
Minaksi Bhatt (#434448)
ROTHWELL, FIGG, ERNST & MANBECK PC
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

Stuart A. Williams
Jill Ondos
MYLAN LABORATORIES INC.
1500 Corporate Drive
Suite 400
Canonsburg, Pennsylvania 15317
(724) 514-1840