UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MYLAN LABORATORIES, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-579 (RMU) |
| ) | |
| MICHAEL LEAVITT, *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| (Proposed) Intervenor. ) | |

**MOTION TO INTERVENE AND DEFER ANSWER OF TEVA PHARMACEUTICALS USA, INC., AND FOR MODIFICATION OF THIS COURT'S MARCH 26, 2007 SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 24, Teva Pharmaceuticals USA, Inc. ("Teva") respectfully moves this Court permit it to intervene in this lawsuit; to defer its answer to the plaintiffs' complaint; and for a modification of this Court's March 26, 2007 scheduling order that would permit further proceedings in the event FDA declines to approve Teva's ANDA.

Plaintiffs Mylan Laboratories, Inc. and Mylan Pharmaceuticals, Inc. (together, "Mylan") have sued the U.S. Food and Drug Administration and other federal defendants (collectively, "FDA"), seeking entry of an injunction that would bar FDA from approving the Abbreviated New Drug Applications ("ANDAs") of any other applicant seeking to market generic amlodipine besylate ("amlodipine") products. By order dated March 26, 2007, this Court partially granted Mylan's emergency application for interim relief, enjoining FDA from issuing approvals

between April 11, 2007 and April 13, 2007, and providing that "If the FDA decides to grant the ANDAs, the defendants' opposition to the plaintiffs' application for a TRO will be due by 9:00 am on April 12, 2007, and the plaintiffs' reply will be due by 9:00 am on April 13, 2007." 3/26/2007 Order at 2.

Teva has an obvious interest in the outcome of this case, and that interest cannot adequately be protected by any other party to this case.  That is so because Teva is eligible for immediate final approval of its ANDA No. 76-846 for generic amlodipine besylate tablets in 2.5-mg, 5-mg, 10-mg dosages, and as FDA has informed the Court, the Agency's April 11, 2007 action "may simply constitute agency approval of the ANDAs," 3/26/2007 Order at 1, including Teva's ANDA.  If FDA follows its longstanding interpretation of the Hatch-Waxman Act, 21 U.S.C. § 355, and grants final approval to Teva's ANDA, Teva intends to vigorously defend its business interests in maintaining the Agency's authorization for it to immediately enter the market for generic amlodipine products; fulfilling its customers' needs; and delivering additional price relief to consumers.  Teva thus easily satisfies the criteria for intervention as of right pursuant to Rule 24, and is fully prepared to meet the deadlines set forth in the Court's March 26, 2007 Order.

As always, however, there is a possibility that FDA will not grant Teva final approval to begin marketing its generic amlodipine products.  That could happen not only if FDA abandons its longstanding interpretation of the Hatch-Waxman Act's generic exclusivity provisions and grants Mylan full 180-day exclusivity, but if FDA departs from its settled interpretation of the pediatric exclusivity provisions set forth in 21 U.S.C. § 335a and grants a related Citizen Petition in which Pfizer Inc. has asked the Agency to bar the marketing of any generic amlodipine products during a six-month period of so-called "pediatric exclusivity."  Teva has been informed

2

by the Agency that its April 11, 2007 decision will resolve both the issue of Mylan's eligibility for generic exclusivity and the issue of Pfizer's eligibility for pediatric exclusivity.  Should FDA grant either Mylan or Pfizer the relief they have requested and withhold Teva's final approval to begin marketing its generic amlodipine products, Teva intends to file a complaint in intervention against FDA—again seeking to defend its business interests in entering the market for generic amlodipine products; fulfilling its customers' needs; and delivering additional price relief to consumers.

The Court's current scheduling order provides for further proceedings only if the Agency "grant[s] the ANDAs."  In order to conclusively resolve the issues surrounding generic amlodipine products and bring much-needed certainty to the marketplace without unduly delaying this Court's expedited review, Teva thus respectfully moves this Court modify its scheduling order to permit Teva (or any other similarly situated party) to vindicate its rights in the event of an adverse FDA decision.  Specifically, Teva proposes that if FDA denies final approval to its ANDA, Teva's complaint in intervention, motion for summary judgment, and opening brief would be due by 9 A.M. on Thursday, April 12; the response briefs of FDA and any other aligned party would be due by 9 A.M. on Friday, April 13; and the reply brief of Teva would be due by 5 P.M. on Friday, April 13.

Given the exigencies of this case, Teva also moves to defer its answer until the time for the federal defendants to respond to the plaintiffs' complaint.

The undersigned counsel has spoken with David Harth, counsel of record for Mylan, and Drake Cutini, counsel of record for the federal defendants, regarding this motion.  Mr. Harth informed counsel that he is unable to consent to Teva's motion at this time.  Mr. Cutini informed counsel that the federal defendants do not object to Teva's intervention, but would propose the

3

following briefing schedule in the event that Teva files a complaint in intervention: Teva's complaint in intervention, motion for summary judgment, and opening brief would be due by 9 A.M. on Thursday, April 12; the response briefs of FDA and any other aligned party would be due by 9 A.M. on Thursday, April 19; and the reply brief of Teva would be due by 9 A.M. on Friday, April 20.

Respectfully submitted,

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000
(202) 879-5200 (Facsimile)


By:_____/s_____
Jay Lefkowitz
jlefkowitz@kirkland.com
Michael Shumsky
mshumsky@kirkland.com

*Attorneys for Teva Pharmaceuticals USA, Inc.*

CO-386-online<br>10/03

# United States District Court
# For the District of Columbia

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| Plaintiff | ) | Civil Action No. 07-579 (RMU) |
| vs | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant | ) |  |

**CERTIFICATE RULE LCvR 7.1**

I, the undersigned, counsel of record for __Teva Pharmaceuticals USA, Inc.__ certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of __Teva Pharmaceuticals USA, Inc.__ which have any outstanding securities in the hands of the public:

Teva Pharmaceutical Industries Ltd.

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

_Jay Lefkowitz /us_
Signature

DDC 449280
BAR IDENTIFICATION NO.

Jay P. Lefkowitz
Print Name

Kirkland & Ellis LLP, 655 15th St. NW, Suite 1200
Address

Washington   DC   20005
City            State            Zip Code

202-879-5000
Phone Number

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
MYLAN LABORATORIES, INC., *et al.*,         )
                                            )
            Plaintiffs,                     )
                                            )
    v.                                      )   Case No. 07-579 (RMU)
                                            )
MICHAEL LEAVITT, *et al.*,                  )
                                            )
            Defendants,                     )
                                            )
    and                                     )
                                            )
TEVA PHARMACEUTICALS USA, INC.,             )
                                            )
            (Proposed) Intervenor.          )
_____)

**ORDER**

Based on the motion and the agreement of the parties, it is hereby

**ORDERED** that TEVA PHARMACEUTICALS USA, INC. ("Teva") is permitted to intervene as a party to this action for all purposes; and it is

**FURTHER ORDERED** that Teva's answer shall be due the same date as the federal defendants' answer to the plaintiffs' complaint; and it is

**FURTHER ORDERED** that, if the FDA declines to grant Teva's ANDA in its April 11, 2007 decision, Teva's complaint in intervention, motion for summary judgment, and opening brief would be due by 9:00 am on April 12, 2007; the response briefs of FDA and any other aligned party would be due by 9:00 am on April 13, 2007; and the reply brief of Teva would be due by 5:00 pm on April 13, 2007.

1

2

      This Order is intended to supplement, and not replace, this Court's Order of March 23, 2007.

Dated: _____                _____
                                                                                  United States District Judge