UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MYLAN LABORATORIES, INC., *et al.*,       )<br>                                                              )<br>          Plaintiffs,                              )<br>                                                              )<br>     v.                                                    )<br>                                                              )<br>MICHAEL LEAVITT, *et al.*,                 )<br>                                                              )<br>          Defendants,                           )<br>                                                              )<br>     and                                                 )<br>                                                              )<br>TEVA PHARMACEUTICALS USA, INC.,  )<br>                                                              )<br>          (Proposed) Intervenor.             )  | Case No. 07-579 (RMU) |

**REPLY IN SUPPORT OF MOTION TO INTERVENE AND DEFER ANSWER OF
TEVA PHARMACEUTICALS USA, INC., AND FOR MODIFICATION OF THIS
COURT'S MARCH 26, 2007 SCHEDULING ORDER**

All parties to this case now consent to Teva's intervention and to the deferral of Teva's answer to Mylan's complaint until the time for the federal defendants to answer. Nonetheless, the parties disagree over the appropriate schedule for proceedings in the event FDA rules that final approval of Teva's ANDA is barred either by Mylan's 180-day exclusivity or Pfizer's pediatric exclusivity. To that end, Mylan argues that "Teva is a newcomer to this lawsuit and it is hardly reasonable to expect Mylan and the FDA to digest and respond to Teva's positions in a 24 hour period."

Teva disagrees. With respect to FDA, Teva intends to submit written comments regarding Mylan's exclusivity (and Pfizer's pediatric exclusivity) to the Agency by April 4, 2007. FDA thus will have ample opportunity to "digest and respond to Teva's positions" long

before Teva files a complaint in this action (in the event FDA's decision even necessitates the filing of such a complaint). Nor is there merit to Mylan's claim that it will not be able to competently "digest and respond" to Teva's positions in a 24-hour period. After all, despite the fact that Teva is a "newcomer" to this case, and despite the fact that Teva will not have access to FDA's written position in this matter until FDA issues its decision, Teva is prepared to "digest and respond" to FDA's positions in a 24-hour period. If Teva can do it, so can Mylan.

By the time the Agency rules in this matter, Teva's entry into the market for amlodipine products will have been delayed by more than two weeks. But Teva believes that the plain language of the Hatch-Waxman Act and FDA's longstanding interpretation of the statute—an interpretation that this Court (and the D.C. Circuit) have long upheld as reasonable—entitle Teva to enter the market today, unobstructed by any party's exclusivity. With the schedule provided for in its March 26, 2007 order, this Court recognized that the market's demand for clarity—and the need to protect the rights of parties affected by these proceedings, like Teva—warrants expedited consideration and resolution of the issues presented in this case. Teva agrees with the Court and is prepared to defend its interests, no matter what the eventualities. There is no reason why Mylan and the Agency cannot do so as well.

Respectfully submitted,


KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000
(202) 879-5200 (Facsimile)


By:_____/s_____
Jay Lefkowitz
jlefkowitz@kirkland.com
Michael Shumsky
mshumsky@kirkland.com

*Attorneys for Teva Pharmaceuticals USA, Inc.*

3