IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYLAN LABORATORIES, INC., *et al.*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, Secretary, ) <br> Health and Human Services, *et al.* ) <br> ) <br> Defendants ) <br> ) <br> and ) <br> ) <br> TEVA PHARMACEUTICALS USA, INC., ) <br> ) <br> Intervenor. ) <br> ) | Civil Action No. 07-0579 (RMU) |

## MOTION TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Mutual Pharmaceutical Co., Inc. ("Mutual") respectfully moves this Court to permit it to intervene in this lawsuit in support of Plaintiffs Mylan Laboratories, Inc. and Mylan Pharmaceuticals, Inc. (collectively "Mylan"). A resolution of this matter will significantly impact Mutual's market position with respect to its generic amlodipine besylate tablets, 2.5 mg, 5 mg and 10 mg ("amlodipine"). Mutual fully supports the position set forth in Mylan's Complaint and its Emergency Application for a Temporary Restraining Order and/or Preliminary Injunction ("TRO Motion"). To avoid burdening the Court and the parties with additional (and perhaps duplicative) pleadings, Mutual requests to intervene for the limited purpose of responding to any opposition papers submitted by the defendants in response to Mylan's TRO Motion and supporting Mylan on an ongoing basis after the Court issues its order on the TRO Motion.

## PROCEDURAL BACKGROUND

Mylan has sued the Food and Drug Administration and other federal defendants (collectively "FDA"), seeking entry of an injunction that would bar FDA from approving Abbreviated New Drug Applications ("ANDAs") submitted by any other applicant seeking to market a generic version of amlodipine, which had been marketed solely by Pfizer under the brand name Norvasc®. As a result of being the first ANDA applicant to file a Paragraph IV certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to Pfizer's amlodipine patents, Mylan asserts that it is entitled to a 180-day period of exclusivity to market generic amlodipine (the "180-day exclusivity period"), running from the day Mylan started marketing amlodipine on March 23, 2007.

In a March 26, 2007 Order, this Court partially granted Mylan's emergency application for interim relief, enjoining FDA from issuing approvals between April 11, 2007 and April 13, 2007.[1] (March 26, 2007 Order at 2.) The Court provided that, "[i]f the FDA decides to grant the ANDAs, the defendants' opposition to the plaintiffs' application for a TRO will be due by 9:00 am on April 12, 2007, and the plaintiffs' reply will be due by 9:00 am on April 13, 2007." (Id.)

On March 28, 2007, Teva Pharmaceuticals USA, Inc. ("Teva") moved to intervene in this lawsuit, requested to defer its answer to Mylan's complaint and moved for a modification of the Court's March 26, 2007 scheduling order to permit further proceedings in the event that FDA declined to approve Teva's pending ANDA for amlodipine. None of the parties to the lawsuit opposed Teva's motion. On March 29, 2007, the Court granted Teva's motion to intervene and ordered that Teva file responsive

---

[1] FDA represented to the Court that it would solicit the views of other interested parties in this matter until April 4, 2007 and render an agency decision on April 11, 2007. (March 26, 2007 Order at 2.)

2

pleadings to Mylan's application for a temporary restraining order by 9:00 a.m. on April 12, 2007, noting that "Teva has an interest in the present action." (March 29, 2007 Order at 1.)[2]

## MUTUAL'S AMLODIPINE ANDA

Mutual submitted its amlodipine ANDA to FDA in December 2005. Pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(III), Mutual submitted a "Paragraph III" certification to Pfizer's U.S. Patent No. 4,879,303 ("the '303 patent"), certifying that Mutual was not seeking final approval of its ANDA until the expiration of the '303 patent on March 25, 2007. By virtue of Mutual's Paragraph III certification, Mutual's ANDA is subject to Pfizer's pediatric exclusivity under 21 U.S.C. § 355a and is thus not eligible for final FDA approval until six months after the expiration of the '303 patent (September 25, 2007).

## ARGUMENT

Mutual, like Teva, has an obvious interest in the outcome of this case, and that interest cannot be adequately protected by any other party. Mylan took the risk and substantial costs associated with being the first ANDA filer to challenge Pfizer's patents. As such, Mylan is entitled to reap the benefits provided by Congress under the Hatch-Waxman Amendments – the 180-day generic exclusivity period. Should FDA ignore Mylan's exclusivity period and begin approving other amlodipine ANDAs, the

---

[2] The Court denied Teva's request for a modification of the briefing schedule should FDA deny its ANDA, stating that:
> The sole dispute in this case concerns Mylan's attempt to block other generic drug approval. If the FDA, in its own procedures, does not grant other generic approval, Mylan's request for an injunction becomes moot. . . Teva's claimed entitlement to FDA approval, and Mylan's claimed right to 180-day exclusivity, are legally distinct . . . if the FDA denies ANDA approval, this case does not present Teva with an appropriate vehicle for asserting its claims.

(March 29, 2007 Order at 2.)

3

amlodipine market will be flooded with generic products, hurting both Mylan and Mutual.

While Mylan will at the very least be able to compete in this market, the situation is worse for Mutual, who will be unable to participate in this market until September. By the time that Mutual's ANDA is finally approved by FDA, the price for generic amlodipine will have dropped[3] and much of the supply chain will be filled. As such, Mutual will be at a competitive disadvantage if Mylan's exclusivity period is ignored. Under these circumstances, the Court should grant Mutual's motion to intervene.

In granting a motion to intervene under Rule 24, this Court should consider the timeliness of the motion, whether the applicant "claims an interest relating to the property or transaction which is the subject of the action," whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," and whether "the applicant's interest is adequately represented by existing parties." Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1074 (D.C. Cir. 1998).

As discussed above, Mutual's market position will be negatively impacted by the entry of other generic products during Mylan's exclusivity period. As such, intervention is appropriate. See, e.g., Mova, 140 F.3d at 1074-76 (citing Association of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 152 (1970)) (company has an interest in and standing to challenge competitors' entry into its market).

Accordingly, Mutual makes this timely motion to intervene to safeguard its direct, legal and economic interests in the outcome of this litigation. As a Paragraph III filer

---

[3] As the Federal Trade Commission has long-recognized, the price of generic products on the market for any given drug decreases precipitously as more competitors enter the market. See Federal Trade Commission, Generic Drug Entry Prior to Patent Expiration: An FTC Study at 9 (2002).

who is subject to Pfizer's pediatric exclusivity, Mutual is uniquely situated to represent its own interests in this proceeding. Mylan, who will at the very least be able to compete in the amlodipine market with any other generic entrants, is not similarly situated.

The Court has not yet ruled on Mylan's TRO Motion, and the parties have not yet completed briefing on this motion. Mutual's participation as an intervenor will not delay this proceeding or cause any prejudice to the parties.

Mylan, FDA and Teva have been contacted regarding this motion. FDA and Teva do not oppose Mutual's motion. Mylan represented that it is unable to take a position until it has had an opportunity to review Mutual's motion. A proposed order is attached.

Mutual is fully prepared to meet the deadlines set forth in the Court's March 26, 2007 Order to file a reply to any opposition to Mylan's TRO Motion by 9:00 a.m. on April 13, 2007.

WHEREFORE, Mutual respectfully requests that the Court grant its motion to intervene in this matter under Rule 24 of the Federal Rules of Civil Procedure.

Dated: April 2, 2007                                    Respectfully Submitted,

                                                 /s/ John Will Ongman
John Will Ongman (DC Bar No. 378042)
jwo@avhlaw.com
AXINN, VELTROP & HARKRIDER LLP
1801 K Street W, N.W., Suite 411
Washington, DC 20006
(202) 912-4700
(202) 912-4701 (facsimile)

OF COUNSEL:

Chad A. Landmon
cal@avhlaw.com
Jo-Anne M. Kokoski
jmk@avhlaw.com
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
(860) 275-8101 (facsimile)

Attorneys for Proposed Intervenor
MUTUAL PHARMACEUTICAL CO., INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2007, Mutual Pharmaceutical Co., Inc.'s Motion to Intervene was filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record listed below. In addition, a true and correct copy was served on the attorneys of record listed below by electronic mail and Federal Express.

>David J. Harth
>HELLER EHRMAN LLP
>One East Main Street Suite 201
>Madison, WI 53703
>(608) 663-7460
>(608) 663-7499 (facsimile)
>david.harth@hellerehrman.com
>
>Drake S. Cutini
>DEPARTMENT OF JUSTICE
>Office of Consumer Litigation
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-001
>(202) 307-0044
>(202) 514-8742 (facsimile)
>drake.cutini@usdoj.gov
>
>Jay Lefkowitz
>Michael Shumsky
>KIRKLAND & ELLIS LLP
>655 Fifteenth Street, N.W.
>Washington, DC 20005-5793
>(202) 879-5000
>(202) 879-5200 (facsimile)
>jlefkowitz@kirkland.com
>mshumsky@kirkland.com

/s/ Jo-Anne M. Kokoski
Jo-Anne M. Kokoski

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYLAN LABORATORIES, INC., *et al.*,

    Plaintiff,

v.

MICHAEL O. LEAVITT, Secretary,
Health and Human Services, *et al.*,

    Defendants

and

TEVA PHARMACEUTICALS USA, INC.,

    Intervenor.

Civil Action No. 07-0579 (RMU)

## [PROPOSED] ORDER

Before me is the Motion of Mutual Pharmaceutical Co., Inc., filed pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene in the above-captioned action. Having considered the Motion and the remainder of the record in the case, it is hereby

    ORDERED that the motion be GRANTED.

Dated: _____

                                                                                   _____
                                                                                   United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYLAN LABORATORIES, INC., *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL O. LEAVITT, Secretary, ) | |
| Health and Human Services, *et al.* ) | Civil Action No. 07-0579 (RMU) |
| ) | |
| Defendants ) | |
| ) | |
| and ) | |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Intervenor. ) | |

**DISCLOSURE STATEMENT UNDER RULE 7.1
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant Rule 7.1 of the Federal Rules of Civil Procedure and to enable district judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Mutual Pharmaceutical Co., Inc. certifies that Mutual Pharmaceutical Co., Inc. is wholly owned by Pharmaceutical Holdings Corp. No publicly held corporation owns 10% or more of the stock of Pharmaceutical Holdings Corp.

Dated: April 2, 2007                        Respectfully Submitted,

/s/ John Will Ongman
John Will Ongman (DC Bar No. 378042)
jwo@avhlaw.com
AXINN, VELTROP & HARKRIDER LLP
1801 K Street W, N.W., Suite 411
Washington, DC 20006
(202) 912-4700
(202) 912-4701 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2007, Mutual Pharmaceutical Co., Inc.'s Disclosure Statement Under Rule 7.1 of the Federal Rules of Civil Procedure was filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record listed below. In addition, a true and correct copy was served on the attorneys of record listed below by electronic mail and Federal Express.

>David J. Harth
>HELLER EHRMAN LLP
>One East Main Street Suite 201
>Madison, WI 53703
>(608) 663-7460
>(608) 663-7499 (facsimile)
>david.harth@hellerehrman.com
>
>Drake S. Cutini
>DEPARTMENT OF JUSTICE
>Office of Consumer Litigation
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-001
>(202) 307-0044
>(202) 514-8742 (facsimile)
>drake.cutini@usdoj.gov
>
>Jay Lefkowitz
>Michael Shumsky
>KIRKLAND & ELLIS LLP
>655 Fifteenth Street, N.W.
>Washington, DC 20005-5793
>(202) 879-5000
>(202) 879-5200 (facsimile)
>jlefkowitz@kirkland.com
>mshumsky@kirkland.com

                                              /s/ Jo-Anne M. Kokoski
                                              Jo-Anne M. Kokoski