UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MYLAN LABORATORIES, INC. *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-579 (RMU) |
| | : | | |
| v. | : | Document No.: | 35 |
| | : | | |
| MICHAEL LEAVITT *et al.*, | : | | |
| | : | | |
| Defendants, | : | | |
| | : | | |
| and | : | | |
| | : | | |
| TEVA PHARMACEUTICALS USA., | : | | |
| | : | | |
| APOTEX INC., | : | | |
| | : | | |
| MUTUAL PHARMACEUTICALS CO., | : | | |
| | : | | |
| Intervenors. | : | | |

## MEMORANDUM ORDER

### DENYING INTERVENOR APOTEX'S MOTION TO SET BOND

Pending before the court is the plaintiffs' application for a temporary restraining order ("TRO") to enjoin the defendant Food and Drug Administration ("FDA") from issuing approvals for any abbreviated new drug applications ("ANDAs") for amlodipine besylate. The plaintiffs seek this TRO claiming that they are entitled by statute to a 180-day period of exclusive marketing and sale of the drug's generic version. They argue that their statutory right to exclusivity will be lost if the FDA grants ANDAs to other generic drug manufacturers.

Previously, the FDA agreed to accept from the parties in this action further briefing before deciding whether to grant ANDA approvals to other generic manufacturers. The FDA agreed to render a final disposition of the matter at the agency level on April 18, 2007. To afford all parties the opportunity to brief this court as to the merits of the plaintiff's TRO application

prior to the FDA taking final agency action, the court entered an order enjoining the FDA from taking final agency action (*i.e.*, granting any ANDAs at issue in this case) from April 18, 2007 until April 20, 2007 at 5:00 pm. Order (Apr. 10, 2007).

The court has granted requests to intervene to Teva Pharmaceuticals, Order (March 29, 2007), Apotex Inc., Min. Order (Apr. 3, 2007), and Mutual Pharmaceuticals Co., Min. Order (Apr. 4, 2007). These intervenors are generic drug manufacturers each seeking FDA approval of their generic drug. Apotex has filed a motion asking the court, pursuant to Federal Rule 65(c), to order the plaintiff to post a bond sufficient to cover any costs and damages that Apotex may incur as a result of the court's injunction in this case. Apotex's Mot. at 1. Should the court extend the injunction in this case past April 20, 2007, Apotex would like the court ordered bond to account for such continued financial damage. Because Rule 65(c) does not entitle Apotex to a bond, the court denies this request.

The court must set bond "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred by any party who is found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65 (c). The temporary injunction issued in this case restrains solely the FDA. Intervenor Apotex is not, nor will it be "enjoined or restrained" by an order of this court in this case. *Id.* For this reason, Apotex lacks standing under Rule 65 to seek bond. *Collagenex Pharma., Inc. v. Thompson*, No. 03-1405 (RMC) (D.D.C. Aug. 26, 2006); *Bracco Diagnostics, Inc. v. Shalala*, No. 97-0739 (PLF) (D.D.C. April 30, 1997); *see also*, *McGregor Printing v. Kemp*, 1992 WL 118794 (D.D.C. May 14, 1992).

Intervenor Apotex argues that because the court's injunction order restrains the FDA from granting Apotex approval of its generic drug, and because Apotex needs that approval to bring its generic drug to market, "Apotex would be enjoined at least indirectly." Apotex's Mot. at 5. This

argument is nonsensical because it confuses enjoinment by order of the court with the collateral effect of a court decision.

The court is fully aware that its judgments and orders sometimes have collateral consequences on auxiliary parties. In this case, the court granted Apotex its motion to intervene to oppose Mylan's TRO application precisely because it could be collaterally effected by an injunction. But the fact remains that the court's restraining order extends only to defendant FDA. No order of this court prohibits Apotex from selling its generic drug.

Under Apotex's theory, retailers could seek a bond in this case, for they too "would be enjoined at least indirectly" – in their case, from selling Apotex's product. And under Apotex's theory, end users of the drug could seek a bond, for they too "would be enjoined at least indirectly" – in their case, from purchasing Apotex's product.

But rather than engaging in what could amount to an endless spiral of guesswork as to those parties which might be affected by the court's order, the court follows the language set forth in the Federal Rules governing bond issuance in injunction cases, which accounts only for those parties later found "to have been wrongfully enjoined or restrained." FED. R. CIV. P. 56(c). Because Apotex is not enjoined or restrained by order of this court, because no reason exists or argument proffered suggesting that such an injunction is forthcoming, and because the FDA has not sought a bond in this case, it is 18th day of April, 2007 hereby

**ORDERED** that intervenor Apotex's motion to set a bond is **DENIED**.

**SO ORDERED**.

                                                    RICARDO M. URBINA
                                                    United States District Judge