**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MYLAN LABORATORIES INC. and <br> MYLAN PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> and <br><br> MUTUAL PHARMACEUTICAL CO., INC., <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> MICHAEL O. LEAVITT, <br> in his official capacity as <br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br> ANDREW C. VON ESCHENBACH, M.D., <br> in his official capacity as <br> COMMISSIONER OF FOOD AND DRUGS, <br><br> and <br><br> UNITED STATES FOOD AND DRUG <br> ADMINISTRATION, <br><br> Defendants, <br><br> and <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> and <br><br> APOTEX INC., <br><br> Intervenor-Defendants. | Civil Action No. 07-cv-579 (RMU) |

**MYLAN LABORATORIES INC. AND MYLAN PHARMACEUTICALS INC.'S
EMERGENCY MOTION TO REINSTATE THE 48-HOUR NOTICE PROVISION OF
THE COURT'S APRIL 10TH SCHEDULING ORDER**

Plaintiffs Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc. ("Mylan") hereby move the Court to amend the scheduling order issued by the Court April 19, 2007, in order to incorporate a portion of its prior Order issued April 10, 2007, which required the Defendants, Michael O. Leavitt, Secretary of Health and Human Services, Andrew C. von Eschenbach, M.D., Commissioner of Food and Drugs, and the Food and Drug Administration ("FDA")[1], to provide Mylan notice and an opportunity to be heard on its Complaint for injunctive relief prior to issuing any final approval to other Abbreviated New Drug Applications ("ANDA") for amlodipine besylate products. *Order* (Dkt. No. 29) at 2 ("[T]he FDA is enjoined from taking final agency action (i.e., granting any ANDAs at issue in this matter)… to enable the Court to rule formally on the plaintiffs' application for a TRO.").

On March 26, 2007, Mylan brought a Complaint against the Federal Defendants seeking to enjoin the FDA from taking any action to issue an approval of any ANDA for amlodipine besylate products "pending the determination of the scope and duration of Mylan's 180-day exclusivity." *Complaint* (Dkt. No. 1) at 6. Mylan's 180-day exclusivity period started three days earlier on March 23, 2007, when Mylan began marketing its generic amlodipine besylate products under the auspices of the FDA's final approval of Mylan's ANDA and award of 180-day exclusivity. *See Declaration of Shannon M. Bloodworth in Support of Mylan's Emergency Application for a Temporary Restraining Order* (Dkt. No. 3), Exh. A, Letter from the FDA dated October 3, 2005 at 2 ("[W]e note that Mylan was the first ANDA applicant to submit a substantially complete ANDA with a paragraph IV certification for Amlodipine Besylate Tablets… Therefore, with this approval, Mylan is eligible for 180-days of market exclusivity. This exclusivity, which is provided for under section 505(j)(5)(B)(iv) of the Act, will begin to

---

[1] Collectively referred to herein as "Federal Defendants."

run from the earlier of the commercial marketing or court decision dates identified in section 505(j)(5)(B)(iv).").

The Federal Defendants responded to Mylan's Complaint by representing to the Court that the FDA was unprepared to address the issues raised in the Complaint and sought a two-week period of time during which it would both solicit and evaluate the views of "interested parties." The Court granted the Federal Defendants' request, but recognizing that the FDA's decision could result in the approval of other ANDAs without allowing Mylan's motion for injunctive relief to be heard, the Court established a brief 48-hour window during which the FDA was precluded from taking any action to issue final approval to other ANDAs. *See Order* (Dkt. No. 6); *Order* (Dkt. No. 29) at 2.

On April 18, the Federal Defendants notified the Court of the FDA's decision, representing to the Court that "[a]s reflected in the attached decision, FDA has decided not to approve ANDAs other than Mylan's at this time. For this reason, the briefing contemplated in the Court's April 10 Order is not appropriate." *Notice of Filing FDA Decision* (Dkt. No. 40) at 1. Mylan agrees with the Federal Defendants that the FDA's April 18th decision did not actually issue any final approval to subsequent applicants "at this time" – that is, *on April 18*. But the FDA's decision did make clear that (1) the FDA will approve Intervenor-Defendant Apotex, Inc.'s ("Apotex") ANDA upon the issuance of the mandate by the Federal Circuit in the amlodipine appeal[2] and (2) that the FDA will do so during Mylan's 180-day exclusivity period. Thus, the FDA's April 18th decision places Mylan in the exact same position as it was in on March 26th, or even in a worse position since the FDA's letter decision states that it *will issue*

---

[2] *Pfizer, Inc. v. Apotex, Inc.*, No 2006-1261, 2007 U.S. App. LEXIS 6623 (Fed. Cir. March 22, 2007).

3

final approval to the subsequent paragraph IV filer, Apotex, upon the issuance of the mandate by the Federal Circuit.

Without the notice provision contained in the Court's previous Orders, there is nothing to prevent Apotex, upon learning of the issuance of the mandate, from calling the FDA to inform them of the Federal Circuit's decision, and the FDA granting Apotex's ANDA immediately, thereby divesting Mylan of its 180 days of exclusivity without a hearing on its request for an injunction. Mylan will not have any opportunity to protect its right to 180-days exclusivity – which is the very purpose of Mylan's suit. The FDA's approval of Apotex's ANDA would deprive the Court of the opportunity to assess the merits of the action while inflicting irreparable harm on Mylan. Such an outcome will be prevented by the reinstatement of the Court's prior 48-hour briefing schedule. *See Barrow v. Graham*, 124 F. Supp. 2d 714, 716 (D.D.C. 2000) ("In the absence of facts that would enable a court fully to assess the merits of the parties' respective positions, a TRO may issue to preserve the *status quo* and to prevent imminent harm until a hearing on the request for a preliminary injunction may be held.").

To prevent the FDA from rendering Mylan's suit effectively unreviewable and to preserve the *status quo*, Mylan respectfully requests the Court to reinstate that portion of its April 10th scheduling order that sets forth a brief notice period during which Mylan's application can be fully adjudicated.

Dated: April 20, 2007                    Respectfully submitted,

   /s/ David J. Harth
David J. Harth (#474632)
HELLER EHRMAN LLP
One East Main Street, Suite 201
Madison, Wisconsin 53703
(608) 663-7460

Shannon M. Bloodworth (#474925)
Joseph P. Whitlock (#484247)
HELLER EHRMAN LLP
1717 Rhode Island Avenue, N.W.
Washington, D.C. 20036
(202) 912-2000

E. Anthony Figg (#345124)
Steven Lieberman (#439783)
Minaksi Bhatt (#434448)
ROTHWELL, FIGG, ERNST & MANBECK PC
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Stuart A. Williams
Jill Ondos
MYLAN LABORATORIES INC.
1500 Corporate Drive
Suite 400
Canonsburg, Pennsylvania 15317
(724) 514-1840

Attorneys for Plaintiffs
MYLAN LABORATORIES INC. and
MYLAN PHARMACEUTICALS INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MYLAN LABORATORIES INC. and<br>MYLAN PHARMACEUTICALS INC., )<br>)<br>Plaintiffs, )<br>)<br>and )<br>)<br>MUTUAL PHARMACEUTICAL CO., INC., )<br>)<br>Intervenor-Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, )<br>in his official capacity as )<br>SECRETARY OF HEALTH AND )<br>HUMAN SERVICES, )<br>)<br>ANDREW C. VON ESCHENBACH, M.D., )<br>in his official capacity as )<br>COMMISSIONER OF FOOD AND DRUGS, )<br>)<br>and )<br>)<br>UNITED STATES FOOD AND DRUG )<br>ADMINISTRATION, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>TEVA PHARMACEUTICALS USA, INC., )<br>)<br>and )<br>)<br>APOTEX INC., )<br>)<br>Intervenor-Defendants. ) | Civil Action No. 07-cv-579 (RMU) |

**[PROPOSED] ORDER**

This matter before the Court on the emergency motion of Plaintiffs Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc. ("Mylan") to reinstate the forty-eight hour notice provision of the Court's April 10th scheduling order, enjoining the Defendants Michael O. Leavitt, Secretary of Health and Human Services, Andrew C. von Eschenbach, M.D., Commissioner of Food and Drugs, and the Food and Drug Administration ("FDA") (collectively "Federal Defendants") from taking any action to issue an approval of Apotex's Abbreviated New Drug Application for amlodipine besylate products for forty-eight hours from the issuance of the Federal Circuit's mandate in *Pfizer, Inc. v. Apotex, Inc.*, No 2006-1261, 2007 U.S. App. LEXIS 6623 (Fed. Cir. March 22, 2007) in order to allow the court to assess the scope and duration of the 180-day exclusivity period and the six-month period of pediatric exclusivity.

Having considered Mylan's emergency motion, Mylan's motion is **GRANTED** and the Federal Defendants are enjoined from taking any action to issue an approval of Apotex's Abbreviated New Drug Application for amlodipine besylate products for forty-eight hours from the issuance of the Federal Circuit's mandate in *Pfizer, Inc. v. Apotex, Inc.*, No 2006-1261, 2007 U.S. App. LEXIS 6623 (Fed. Cir. March 22, 2007).

Signed this ___ day of April, 2007    _____
                                       Honorable Ricardo M. Urbina, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MYLAN LABORATORIES INC. and<br>MYLAN PHARMACEUTICALS INC.,<br><br>    Plaintiffs,<br><br>and<br><br>MUTUAL PHARMACEUTICAL CO., INC.,<br><br>    Intervenor-Plaintiff,<br><br>  v.<br><br>MICHAEL O. LEAVITT,<br>in his official capacity as<br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>ANDREW C. VON ESCHENBACH, M.D.,<br>in his official capacity as<br>COMMISSIONER OF FOOD AND DRUGS,<br><br>and<br><br>UNITED STATES FOOD AND DRUG<br>ADMINISTRATION, *et al.*,<br><br>    Defendants,<br><br>and<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>and<br><br>APOTEX INC.,<br><br>    Intervenor-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  07-cv-579 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2007, Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc.'s **MYLAN LABORATORIES INC. AND MYLAN PHARMACEUTICALS INC.'S EMERGENCY MOTION TO REINSTATE A THE 48-HOUR NOTICE PROVISION PORTION OF THE COURT'S APRIL 10TH SCHEDULING ORDER** and **[PROPOSED] ORDER** were filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically send electronic mail notification of such filing to the attorneys of record listed below:

Drake S. Cutini
DEPARTMENT OF JUSTICE
Office of Consumer Litigation
950 Pennsylvania Avenue, NW
Washington, DC 20530-001

Jay Lefkowitz
Michael Shumsky
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793

Arthur Y. Tsien
OLSSON, FRANK AND WEEDA, PC
1400 16th Street, NW
Suite 400
Washington, DC 20036-2220

John Will Ongman
AXINN, VELTROP & HARKRIDER LLP
1801 K Street W, N.W., Suite 411
Washington, DC 20006

Jo-Anne Kokoski
Chad Landmon
AXINN, VELTROP & HARKRIDER, LLP
90 State House Square
Hartford, CT 06103

Robert Briesblatt
WELSH & KATZ, LTD.
120 South Riverside Plaza
Chicago, IL 60606

/s/ David J. Harth
David J. Harth