## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYLAN LABORATORIES, INC., *et al.*,      ) | |
|      Plaintiffs,          ) | |
| and                 ) | |
| MUTUAL PHARMACEUTICAL CO., INC.  ) | |
|      Intervenor-Plaintiff,      ) | |
|      v.                 ) | |
| MICHAEL O. LEAVITT, Secretary,    ) | |
| Health and Human Services, *et al.*    ) | Civil Action No. 07-0579 (RMU) |
|      Defendants        ) | |
| and                 ) | |
| TEVA PHARMACEUTICALS USA, INC.,  ) | |
|      Intervenor-Defendant,    ) | |
| and                 ) | |
| APOTEX INC.,            ) | |
|      Intervenor-Defendant.    ) | |

## INTERVENOR-PLAINTIFF MUTUAL
## PHARMACEUTICAL CO., INC.'S COMPLAINT

Intervenor-Plaintiff Mutual Pharmaceutical Co., Inc. ("Mutual"), by and through counsel, respectfully submit this Complaint against the defendants, Michael O. Leavitt, in his official capacity as Secretary of Health and Human Services, Andrew C. von Eschenbach, in his official capacity as Commissioner of Food and Drugs, and the United States Food and Drug Administration (collectively "FDA"). In support thereof, Mutual alleges as follows:

## THE PARTIES

1.     Plaintiff Mylan Laboratories Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 1500 Corporate Drive, Canonsburg, Pennsylvania 15317. Mylan Laboratories Inc. is the parent company of Mylan Pharmaceuticals Inc.

2.     Plaintiff Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of West Virginia with a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505-4310. Mylan Pharmaceuticals Inc. is engaged in the research, development, manufacture and distribution of pharmaceutical products. Mylan Laboratories, Inc. and Mylan Pharmaceuticals, Inc. will hereafter be referred to as "Mylan."

3.     Defendant Michael O. Leavitt is Secretary of Health and Human Services ("HHS") with offices at 200 Independence Avenue, S.W., Washington, DC 20204. Defendant Leavitt is responsible for supervising the activities of HHS and is being sued in his official capacity.

4.     Defendant Andrew C. von Eschenbach is Commissioner of the United States Food and Drug Administration with offices at 200 C Street, S.W., Washington, DC 20204 and 5600 Fishers Lane, Rockville, MD 20857. Defendant von Eschenbach is responsible for supervising the activities of the United States Food and Drug Administration and is being sued in his official capacity.

5.     Defendant United States Food and Drug Administration is an agency with the Public Health Service, which is part of HHS. The United States Food and Drug Administration has offices at 5600 Fishers Lane, Rockville, MD 20857.

6.     Intervenor-Plaintiff Mutual Pharmaceutical Co., Inc. is a corporation organized

and existing under the laws of the state of Pennsylvania with a principal place of business at 1100 Orthodox Street, Philadelphia, Pennsylvania 19124. Mutual is engaged in the research, development, manufacture and distribution of pharmaceutical products.

## JURISDICTION AND VENUE

7.      This case arises under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.; the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, et seq., as amended by the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified as amended in relevant part at 21 U.S.C. § 355 and 35 U.S.C. § 271) (commonly referred to as the "Hatch-Waxman Amendments"); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.      Through a letter ruling (the "FDA Decision") issued on April 18, 2007 regarding various marketing exclusivity issues impacting filers of Abbreviated New Drug Applications ("ANDAs") for amlodipine besylate tablets ("amlodipine"), FDA has issued a final agency action, which presents an actual controversy, for which Mutual is entitled to review and relief under 5 U.S.C. §§ 701, et seq.

9.      Mutual has standing to maintain this action pursuant to the APA, as a legal entity that has suffered a legal wrong and has been adversely affected by final agency action, as complained of herein.

10.     There exists an actual, justiciable case or controversy between Mutual and FDA regarding the FDA Decision, as to which Mutual requires: (i) a declaration of rights by this Court; and (ii) injunctive relief against FDA.

11.     This Court has jurisdiction over the subject matter of this action under, inter alia, 28 U.S.C. §§ 1331, 1361 and 2201.

12.    This Court has personal jurisdiction over defendants Leavitt and von Eschenbach in that FDA and the individual defendants conduct substantial business in this district.

13.    Venue is proper in this judicial district by virtue of 28 U.S.C. § 1391.

## STATEMENT OF FACTS

14.    Amlodipine is currently marketed by Pfizer under the trade name Norvasc®. Pfizer listed U.S. Patent No. 4,879,303 ("the '303 patent") as claiming its amlodipine product in FDA's "Orange Book." The '303 patent expired on March 25, 2007.

15.    Pfizer received pediatric exclusivity under 21 U.S.C. § 355a, which bars FDA from approving any unapproved amlodipine ANDAs until September 25, 2007.

16.    Mutual filed an ANDA under the FDCA, seeking FDA approval to market amlodipine.

17.    Mutual's pending amlodipine ANDA contains a "Paragraph III" certification to the '303 patent.

18.    On January 29, 2006, the United States District Court for the Northern District of Illinois found that: (a) Apotex, Inc. (formerly known as Torpharm, Inc.) infringed the '303 patent by filing its amlodipine ANDA with a Paragraph IV certification; and (b) the '303 patent was valid and enforceable. See Pfizer Inc. v. Torpharm, Inc., No. 03-5289, 2006 U.S. Dist. LEXIS 95778 (N.D. Ill. January 29, 2006).

19.    On March 22, 2007, the Federal Circuit Court of Appeals issued a decision in Pfizer, Inc. v. Apotex, Inc., No. 2006-1262, 2007 U.S. App. LEXIS 6623 (Fed. Cir. 2007), reversing the decision of the District Court and holding claims 1-3 of the '303 patent invalid for obviousness under 35 U.S.C. § 103.

20.    Pfizer filed a petition for rehearing and rehearing en banc with the Federal Circuit on April 5, 2007. This petition is presently being briefed, and no final mandate from the Federal Circuit has issued. As such, the Federal Circuit's March 22, 2007 decision is not yet binding or effective.

21.    On or about March 23, 2007, Mylan began marketing the first generic version of amlodipine, pursuant to an award of 180 days of marketing exclusivity as against all other amlodipine ANDA filers based upon FDA's determination that Mylan filed the first substantially complete "Paragraph IV certification" with respect to the '303 patent.

22.    In a Complaint filed on March 26, 2007, Mylan initiated this current action against FDA, seeking entry of an injunction that would bar FDA from approving any other amlodipine ANDAs until the expiration of Mylan's 180-day exclusivity period or Pfizer's pediatric exclusivity period.

23.    Prior to responding to Mylan's Complaint, FDA solicited the views of other interested parties on, among other things, the following issues: (a) whether Pfizer's pediatric exclusivity barred the approval of unapproved amlodipine ANDAs; and (b) whether Mylan's 180-day exclusivity period extended beyond the expiration of the '303 patent to bar the approval of any other amlodipine ANDA.

24.    On April 4, 2007, Mutual filed a letter with FDA in response to FDA's request.

25.    FDA rendered the FDA Decision on April 18, 2007.

26.    FDA concluded that (i) all unapproved ANDAs are currently blocked by Pfizer's pediatric exclusivity; (ii) if and when the mandate effectuating the Federal Circuit's March 22, 2007 decision issues in the Apotex case, Apotex's ANDA will not be blocked by Pfizer's pediatric exclusivity; (iii) FDA cannot determine on the current record whether other ANDAs

will continue to be blocked by pediatric exclusivity after the mandate issues from the Federal Circuit; and (iv) Mylan's 180-day marketing exclusivity terminated when the '303 patent expired on March 25, 2007.

27.    FDA's determination that Apotex is not subject to Pfizer's pediatric exclusivity after the Federal Circuit issues its mandate and FDA's determination that Mylan forfeited its 180-day exclusivity period upon the expiration of the '303 patent is arbitrary, capricious and contrary to law, and it will cause Mutual irreparable harm for which Mutual is entitled to immediate declaratory and injunctive relief.

28.    Based on the plain language of the relevant statutes, longstanding FDA policy and practice, and FDA's own determinations in the FDA Decision, FDA's determination that Apotex's ANDA will not be blocked by Pfizer's pediatric exclusivity upon issuance of a final mandate from the Federal Circuit is arbitrary and capricious. The FDA's Decision on this issue should be set aside.

29.    The FDA Decision would improperly permit Apotex to enter the amlodipine market far in advance of numerous other ANDA applicants. Apotex's early – and improper – entry into the amlodipine market will significantly alter the dynamics of the amlodipine market by permitting Apotex to create relationships to such an extent that other generic amlodipine manufacturers, including Mutual, will be disadvantaged.

30.    FDA's interpretation that the Hatch-Waxman Amendments provide for the forfeiture of the 180-day exclusivity period upon patent expiration violates the unambiguous language of the statue and FDA regulations, as well as the structure and purpose of several interrelated statutory provisions.

31.    Given that Mylan's ANDA was fully approved and the 180-day exclusivity period was triggered before the patent expired, Mylan is entitled to the full scope of the exclusivity period provided by the Hatch-Waxman scheme.

32.    By deciding that Mylan forfeited its 180-day exclusivity period upon the expiration of the '303 patent, FDA has acted arbitrarily, capriciously and contrary to law. Therefore, the FDA Decision on this issue should be set aside.

33.    The improper determination that Mylan's exclusivity period was forfeited upon expiration of the '303 patent causes harm to Mutual.

34.    As a direct and proximate result of the unlawful FDA Decision, Mutual will suffer and incur irreparable harm and substantial damages.

35.    Mutual's market position will be negatively impacted by the entry of other generic products during Pfizer's pediatric exclusivity period and Mylan's 180-day exclusivity period.

36.    Money damages are not available to compensate Mutual for its wrongful loss because there is no private right of action that Mutual could bring against FDA or any wrongfully-approved ANDA holder.

37.    The relief requested herein will not substantially injure other parties and is in the public interest.

## CLAIM FOR RELIEF

38.    Mutual repeats and realleges paragraphs 1-37 of the Complaint.

39.    As set forth above, the FDA Decision improperly determined that Apotex is not subject to Pfizer's pediatric exclusivity after the Federal Circuit issues its mandate and that Mylan forfeited its 180-day exclusivity period upon the expiration of the '303 patent, contrary to the plain meaning of the FDCA and FDA regulations.

40.    The FDA Decision is arbitrary, capricious and contrary to law within the meaning of 5 U.S.C. § 706(2)(A), in excess of statutory authority within the meaning of 5 U.S.C. § 706(2)(C) and in violation of the FDCA and FDA regulations.

41.    The FDA Decision constitutes final agency action that is reviewable by this Court.

42.    The FDA Decision will cause Mutual irreparable harm unless this Court issues an immediate injunction directing FDA to delay the effective date of final approval of any unapproved amlodipine ANDAs pending the expiration of Pfizer's pediatric exclusivity and Mylan's 180-day exclusivity period.

43.    Mutual has exhausted its administrative remedies.

44.    Mutual has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Intervenor-Plaintiff Mutual Pharmaceutical Co., Inc. respectfully requests this Court to enter judgment in its favor and against defendants Michael O. Leavitt, in his official capacity as Secretary of Health and Human Services, Andrew C. von Eschenbach, in his official capacity as Commissioner of Food and Drugs, and the United States Food and Drug Administration, as follows:

(a)     Issuance of a judgment declaring that FDA's decision that Apotex is not subject to Pfizer's pediatric exclusivity after the Federal Circuit issues its mandate and that Mylan forfeited its 180-day exclusivity period upon the expiration of the '303 patent is arbitrary, capricious and contrary to law;

(b)     Issuance of an injunction directing FDA to delay the effective date of final approval of all unapproved amlodipine ANDAs, including Apotex's ANDA, pending the expiration of Pfizer's pediatric exclusivity and Mylan's 180-day exclusivity period; and

(c)     Such other and further relief as the Court deems just and proper.

Dated:  April 23, 2007            Respectfully Submitted,

                                 /s/ John Will Ongman

                                 John Will Ongman (DC Bar No. 378042)
                                 jwo@avhlaw.com
                                 AXINN, VELTROP & HARKRIDER LLP
                                 1801 K Street W, N.W., Suite 411
                                 Washington, DC 20006
                                 (202) 912-4700
                                 (202) 912-4701 (facsimile)

                                 Chad A. Landmon (admitted *pro hac vice*)
                                 cal@avhlaw.com
                                 Jo-Anne M. Kokoski (admitted *pro hac vice*)
                                 jmk@avhlaw.com
                                 AXINN, VELTROP & HARKRIDER LLP
                                 90 State House Square
                                 Hartford, CT 06103
                                 (860) 275-8100
                                 (860) 275-8101 (facsimile)

                                 Attorneys for Intervenor-Plaintiff
                                 MUTUAL PHARMACEUTICAL CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2007, Intervenor-Plaintiff Mutual

Pharmaceutical Co., Inc.'s Complaint was filed with the Clerk of the Court using the CM/ECF

system, which will automatically send e-mail notification of such filing to the attorneys of record

listed below. In addition, a true and correct copy was served on the attorneys of record listed

below by electronic mail and Federal Express.


David J. Harth
HELLER EHRMAN LLP
One East Main Street Suite 201
Madison, WI 53703
(608) 663-7460
(608) 663-7499 (facsimile)
david.harth@hellerehrman.com

Drake S. Cutini
DEPARTMENT OF JUSTICE
Office of Consumer Litigation
P.O. 386
Washington, DC 20044
(202) 307-0044
(202) 514-8742 (facsimile)
drake.cutini@usdoj.gov

Jay Lefkowitz
Michael Shumsky
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793
(202) 879-5000
(202) 879-5200 (facsimile)
jlefkowitz@kirkland.com
mshumsky@kirkland.com

Arthur Y. Tsien
OLSSON, FRANK AND WEEDA, PC
1400 16th Street, N.W.
Suite 400
Washington, DC 20036-2200
(202) 789-1212
(202) 234-3550 (facsimile)
atsien@ofwlaw.com

Robert B. Breisblatt
Steven E. Feldman
WELSH & KATZ, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606
(312) 655-1500
(312) 655-1501
rbbreisblatt@welshkatz.com
sefeldman@welshkatz.com


/s/ Chad A. Landmon
Chad A. Landmon