**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MYLAN LABORATORIES INC. and <br> MYLAN PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> and <br><br> MUTUAL PHARMACEUTICAL CO., INC., <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> MICHAEL O. LEAVITT, <br> in his official capacity as <br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br> ANDREW C. VON ESCHENBACH, M.D., <br> in his official capacity as <br> COMMISSIONER OF FOOD AND DRUGS, <br><br> and <br><br> UNITED STATES FOOD AND DRUG <br> ADMINISTRATION, *et al.*, <br><br> Defendants, <br><br> and <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> and <br><br> APOTEX INC., <br><br> Intervenor-Defendants. | Civil Action No.  07-cv-579 (RMU) |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' AMENDED
<u>APPLICATION FOR A PRELIMINARY INJUNCTION</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. i

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.     SUBSEQUENT AMENDMENTS TO THE HATCH-WAXMAN ACT MAKE CLEAR THAT UNDER THE PRE-MMA PROVISIONS THAT GOVERN MYLAN'S ANDA, GENERIC EXCLUSIVITY IS NOT EXTINGUISHED BY PATENT EXPIRATION.... 1

II.    IN ANY EVENT, THE FDA IS PRECLUDED FROM APPROVING OTHER ANDAs UNTIL PEDIATRIC EXCLUSIVITY EXPIRES ........................................................... 4

    A.    The Period of Pediatric Exclusivity Applies to ANDAs with a Paragraph II or Paragraph III Certification ................................................................................. 4

    B.    The Period of Pediatric Exclusivity Applies to ANDAs with a Paragraph IV Certification .......................................................................................................... 5

    C.    The Federal Circuit's Panel Decision in *Pfizer* Does Not Extinguish Pediatric Exclusivity ........................................................................................................ 6

CONCLUSION .............................................................................................................................. 7

# TABLE OF AUTHORITIES

## Federal Cases

*Connecticut National Bank v. Germain*,
    503 U.S. 249 (1992) ................................................................................................ 2

*FDA v. Brown & Williamson Tobacco Corp.*,
    529 U.S. 120 (2000) ............................................................................................. 1, 3

*Mylan v. Thompson*,
    389 F.3d 1272 (D.C. Cir. 2004) .............................................................................. 6

*Pfizer, Inc. v. Apotex, Inc.*,
    No. 2006-1261, 2007 U.S. App. LEXIS 6623 (Fed. Cir. March 22, 2007) ............ 6

*Ranbaxy Labs. Ltd. v. FDA*,
    307 F. Supp. 2d 15 (D.D.C. 2004),
    *aff'd without opinion*, 2004 U.S. App. LEXIS 8311 (D.C. Cir. April 26, 2004) .... 4, 6

*TRW, Inc. v. Andrews*,
    534 U.S. 19 (2001) .................................................................................................. 3

*Weinberger v. Hynson, Westcott & Dunning, Inc.*,
    412 U.S. 609 (1973) ................................................................................................ 3

## Federal Statutes

21 U.S.C. § 355(j)(4)(K) ................................................................................................ 5

21 U.S.C. § 355(j)(5)(B)(iv) .......................................................................................... 1

21 U.S.C. § 355(j)(5)(D)(i)(VI) ..................................................................................... 1

21 U.S.C. § 355(j)(5)(D)(ii) ........................................................................................... 1

21 U.S.C. § 355a ............................................................................................................ 2

21 U.S.C. § 355a(c)(2)(A) ......................................................................................... 5, 6

21 U.S.C. § 355a(c)(2)(B) ............................................................................................. 4

21 U.S.C. § 355a(k) (2002) ........................................................................................... 3

35 U.S.C. § 282 .............................................................................................................. 6

**Federal Regulations**

21 C.F.R. § 314.94(a)(12)(viii)(C)(1) ............................................................................................. 5

**Other Authorities**

*Best Pharmaceuticals for Children Act*,
    Pub. L. No. 107-109, 115 Stat. 1408 (2002) ........................................................................... 2

*Federal Food, Drug, and Cosmetic Act*,
    21 U.S.C. § 501, *et seq.* ("FDCA") ........................................................................................ 1

*Guidance for Industry: Court Decisions, ANDA Approvals, and 180-Day Exclusivity Under the
    Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act* (March 2000) ..... 7

*Medicare Prescription Drug, Improvement, and Modernization Act of 2003*,
    Pub. L. 108-173, Title XI, § 1102(b)(1), Dec. 8, 2003, 117 Stat. 2460 ................................... 1, 2

**INTRODUCTION**

Plaintiffs Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc. ("Mylan") hereby submit this supplemental memorandum of points and authorities directed to those additional matters raised in plaintiffs' Amended Complaint.

**ARGUMENT**

I.  **SUBSEQUENT AMENDMENTS TO THE HATCH-WAXMAN ACT MAKE CLEAR THAT UNDER THE PRE-MMA PROVISIONS THAT GOVERN MYLAN'S ANDA, GENERIC EXCLUSIVITY IS NOT EXTINGUISHED BY PATENT EXPIRATION**

The plain language of 21 U.S.C. § 355(j)(5)(B)(iv) entitles Mylan to 180-days of generic exclusivity upon commencement of commercial marketing, regardless of patent expiration. Subsequent Congressional enactments reinforce the conclusion that the exclusivity period is not forfeited upon patent expiration. *See, e.g.*, *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("[T]he meaning of one statute may be affected by other Acts, particularly where Congress has spoken subsequently and more specifically to the topic at hand."). Congress spoke to this precise issue in the *Medicare Prescription Drug, Improvement, and Modernization Act of 2003* ("MMA"), which amended the ANDA provisions of the *Federal Food, Drug, and Cosmetic Act*, 21 U.S.C. § 501, *et seq.* ("FDCA") in several important respects. Congress specifically provided in the MMA that patent expiration "shall" result in a "forfeiture" of the 180-day exclusivity period, but that this forfeiture provision "shall be effective *only* with respect to an [ANDA] filed … *after* the date of the enactment of this Act [Dec. 8, 2003] for a listed drug for which no certification under [21 U.S.C. § 355(j)(2)(A)(vii)(IV)] was made before the date of the enactment of this Act [Dec. 8, 2003]." MMA, Pub. L. 108-173, Title XI, § 1102(b)(1), Dec. 8, 2003, 117 Stat. 2460 (emphasis added); *see* 21 U.S.C. § 355(j)(5)(D)(i)(VI); *id.* § 355(j)(5)(D)(ii). Congress in the MMA made other changes to the 180-day exclusivity

provisions that expressly applied to ANDAs "filed *before, on, or after* the date of the enactment of this Act [Dec. 8, 2003]," but it instructed that forfeiture based on patent expiration would only apply to *prospective* ANDAs. Pub. L. 108-173, Title XI, § 1102(b)(3), Dec. 8, 2003, 117 Stat. 2460 (emphasis added).

If Congress had intended for the 180-day exclusivity period to be extinguished whenever the underlying patent expired, it would have provided that exclusivity would be forfeited upon patent expiration with respect to ANDAs filed "*before, on, or after*" December 8, 2003, as it did in other instances. Instead, Congress pointedly instructed that the exclusivity period would be forfeited due to patent expiration "*only*" with respect to ANDAs filed "*after*" that date. The first canon of statutory construction is that courts—and administrative agencies—"must presume that a legislature says in a statute what it means in a statute and means what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). There is no way that "after" can be expanded to include "before." The plain language provides that patent expiration does indeed affect exclusivity rights, but only as to ANDAs filed "*after*" December 8, 2003. The only permissible reading is that, as to approved ANDAs filed *before* that date (like Mylan's ANDA here), patent expiration would *not* operate to forfeit exclusivity rights.

This reading is reinforced by the interplay of the 180-day exclusivity provisions with those governing pediatric exclusivity. Under the FDCA, pediatric exclusivity by definition is triggered only when the underlying patent expires. *See* 21 U.S.C. § 355a. In the *Best Pharmaceuticals for Children Act* ("BPCA"), Pub. L. No. 107-109, 115 Stat. 1408 (2002), Congress clearly instructed that in cases of overlap, pediatric exclusivity would take place first, followed by the 180-day generic exclusivity period. This instruction, codified at 21 U.S.C. § 355a(k) (2002), provides in full:

2

> (k) Clarification of interaction of market exclusivity under this section and market exclusivity awarded to an applicant for approval of a drug under section 355(j) of this title.
>
>> If a 180-day period under section 355(j)(5)(B)(iv) of this title overlaps with a 6-month exclusivity period under this section, so that the applicant for approval of a drug under section 355(j) of this title entitled to the 180-day period under that section loses a portion of the 180-day period to which the applicant is entitled for the drug, the 180-day period shall be extended from—
>>
>>> (1) the date on which the 180-day period would have expired by the number of days of the overlap, if the 180-day period would, but for the application of this subsection, expire after the 6-month exclusivity period; or
>>>
>>> (2) the date on which the 6-month exclusivity period expires, by the number of days of the overlap if the 180-day period would, but for the application of this subsection, expire during the six-month exclusivity period.

21 U.S.C. § 355a(k) (2002).

This provision also compels the conclusion that the 180-day exclusivity period survives patent expiration. Any interpretation holding 180-day exclusivity rights to be extinguished upon patent expiration would ignore these statutory provisions and, indeed, render 21 U.S.C. § 355a(k) an absolute nullity. The FDA may not adopt such a construction. *See, e.g.*, *Brown & Williamson*, 529 U.S. at 133 (courts and agencies "must … interpret the statute 'as a symmetrical and coherent regulatory scheme,' … and 'fit, if possible, all parts into an harmonious whole'") (citations omitted); *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("[i]t is a 'cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant'") (citation omitted); *Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 633-634 (1973) (rejecting proposed construction of the FDCA that would render one clause "superfluous" and without "operative effect").

**II.    IN ANY EVENT, THE FDA IS PRECLUDED FROM APPROVING OTHER ANDAs UNTIL PEDIATRIC EXCLUSIVITY EXPIRES**

Under the BPCA, the expiration of U.S. Patent No. 4,879,303 ("the '303 patent") marked the beginning of a six-month period of pediatric exclusivity, which is listed in the Orange Book as expiring on September 25, 2007. *Declaration of Shannon M. Bloodworth in Support of Mylan's Amended Application for a Preliminary Injunction* (hereinafter "Bloodworth Decl."), at Exh. B. During the six-month period of pediatric exclusivity, the BPCA prohibits the FDA from issuing final approval to tentatively approved ANDAs until the pediatric exclusivity period has run, *regardless of whether the ANDA had a paragraph II, III or IV certification at the time of the patent's expiration*. See *Ranbaxy Labs. Ltd. v. FDA*, 307 F. Supp. 2d 15, 20-21 (D.D.C. 2004), *aff'd without opinion*, 2004 U.S. App. LEXIS 8311 (D.C. Cir. April 26, 2004). The six-month pediatric exclusivity period does *not* apply to Mylan, however, which had already received final FDA approval and had begun commercial marketing under its 180-day generic exclusivity when the patent expired. *See* 21 U.S.C. § 355a(c)(2)(B). As a result, Mylan would suffer irreparable harm if the FDA approves additional ANDAs during the pediatric exclusivity period. As explained below, the Federal Circuit's recent decision in *Pfizer*, invalidating claims 1-3 of the '303 patent, does not erase the pediatric exclusivity period, and the FDA cannot grant final approval to any unapproved or tentatively approved amlodipine besylate ANDAs until pediatric exclusivity has expired.

**A.    The Period of Pediatric Exclusivity Applies to ANDAs with a Paragraph II or Paragraph III Certification**

Several ANDA filers chose not to challenge the validity of the '303 patent, and instead filed a paragraph II or paragraph III certification. Subsection (c)(2)(A) of the BPCA governs when pediatric exclusivity attaches to an ANDA containing a paragraph II or paragraph III certification:

4

 (2) (A) if the drug is the subject of—

  (i) a listed patent for which a certification has been submitted under subsection (b)(2)(A)(ii) or (j)(2)(A)(vii)(II) of section 505 [21 U.S.C § 355(b)(2)(A)(ii) or (j)(2)(A)(vii)(II)] and for which pediatric studies were submitted prior to the expiration of the patent (including any patent extensions); or

  (ii) a listed patent for which a certification has been submitted under subsection (b)(2)(A)(iii) or (j)(2)(A)(vii)(III) of section 505 [21 U.S.C § 355(b)(2)(A)(iii) or (j)(2)(A)(vii)(III)],

 the period during which an application may not be approved under section 505(c)(3) or section 505(j)(5)(B) [21 U.S.C § 355(c)(3) or (j)(5)(B)] shall be extended by a period of six months after the date the patent expires (including any patent extensions)[.]

21 U.S.C. § 355a(c)(2)(A) (2002). Subsection (c)(2)(A) expressly states that when an ANDA contains a paragraph II or paragraph III certification, the period during which the submitted ANDA may not be approved "*shall be extended* by a period of six months after the date the patent expires (including any patent extensions)." *Id.* (emphasis added). Accordingly, the paragraph II and III filers may not be approved until September 25, 2007, or "six months after the date the patent expires."

  **B. The Period of Pediatric Exclusivity Applies to ANDAs with a Paragraph IV Certification**

  The FDA also is prohibited from granting final approval to paragraph IV applications during the '303 patent's pediatric exclusivity period under its long-standing and well-established policy that all unapproved ANDAs containing a paragraph IV certification become paragraph II certifications upon the patent's expiration. Unapproved ANDAs that contained a paragraph IV certification were required to amend their paragraph IV certification to a paragraph II certification upon the '303 patent's expiration. *See* 21 U.S.C. § 355(j)(4)(K) (granting authority to the FDA to not approve any ANDA that "contains an untrue statement of material fact"); 21 C.F.R. § 314.94(a)(12)(viii)(C)(1) (mandating a certification change "if, at any time before the effective date of the approval of the application, the applicant learns that the submitted

5

certification is no longer accurate."). Even if the applicant fails or refuses to change its certification to a paragraph II, the certification is deemed changed as a matter of law and pediatric exclusivity attaches under 21 U.S.C. § 355a(C)(2)(A), as explained in Section A above.[1]

### C. The Federal Circuit's Panel Decision in *Pfizer* Does Not Extinguish Pediatric Exclusivity

The '303 patent has 12 claims. In *Pfizer, Inc. v. Apotex, Inc.*, No. 2006-1261, 2007 U.S. App. LEXIS 6623 (Fed. Cir. March 22, 2007) the Federal Circuit only invalidated claims 1-3 of the '303 patent. *Pfizer, Inc.*, 2007 U.S. App. LEXIS 6623, at *63. The other nine claims, including claims asserted by Pfizer against Mylan and other paragraph IV filers, remained presumptively valid at the time the patent expired. 35 U.S.C. § 282 (2006). The '303 patent therefore remains listed in the Orange Book and as such, pediatric exclusivity remains in full force and effect until September 25, 2007.

Moreover, as Pfizer has contended in its comments to the FDA, the March 22 *Pfizer* panel opinion becomes final and is effectuated only through a mandate and it is the FDA's announced policy that "the Agency may approve the ANDA on the date the district court issues a judgment that the patent is invalid, unenforceable, or not infringed pursuant to a mandate issued

---

[1] The FDA's policy of automatically changing an unapproved ANDA's paragraph IV certification to a paragraph II certification once it became "at variance with legal reality" has been approved in this Circuit. *See Mylan v. Thompson*, 389 F.3d 1272, 1281-82 (D.C. Cir. 2004). The automatic switch from a paragraph IV certification to a paragraph II certification occurs at "the 'magic moment' of midnight" and pediatric exclusivity immediately then attaches. *Ranbaxy Labs. Ltd.*, 307 F. Supp. 2d at 19. Therefore, under long-standing FDA precedent, the paragraph IV certification of any tentatively approved ANDA converted to a paragraph II certification at midnight on March 26, 2007, and pediatric exclusivity automatically attaches and prohibits the FDA from granting final approval to any unapproved ANDA until the expiration of the period of pediatric exclusivity. This established practice is especially appropriate here where there are still nine remaining valid claims.

by a court of appeals." Bloodworth Decl., at Exh. C, *Guidance for Industry: Court Decisions, ANDA Approvals, and 180-Day Exclusivity Under the Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act* (March 2000) at 4. Therefore, at a minimum, Mylan is entitled to be the exclusive generic marketer until the mandate is issued to the district court.

## **CONCLUSION**

For these reasons, and those set out in its previously filed memorandum of points and authorities, Mylan seeks a preliminary injunction to enjoin the FDA from taking any action to issue an approval of any Abbreviated New Drug Application for amlodipine besylate products pending the determination of the scope and duration of Mylan's 180-day generic exclusivity and the six-month pediatric exclusivity.

Dated: April 13, 2007

Respectfully submitted,

  /s/ David J. Harth  
David J. Harth (#474632)
HELLER EHRMAN LLP
One East Main Street, Suite 201
Madison, Wisconsin 53703
(608) 663-7460

Shannon M. Bloodworth (#474925)
Joseph P. Whitlock (#484247)
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, D.C. 20036
(202) 912-2000

E. Anthony Figg (#345124)
Steven Lieberman (#439783)
Minaksi Bhatt (#434448)
ROTHWELL, FIGG, ERNST & MANBECK PC
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

Stuart A. Williams
Jill Ondos
MYLAN LABORATORIES INC.
1500 Corporate Drive
Suite 400
Canonsburg, Pennsylvania 15317
(724) 514-1840

Attorneys for Plaintiffs
MYLAN LABORATORIES INC. and
MYLAN PHARMACEUTICALS INC.